UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN RUMPF,

        Plaintiff,

   v.

METROPOLITAN MORTGAGE GROUP, INC., a Washington company; and ANTHONY STETLER,

        Defendants.

CASE NO. C09-0261-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of RICO Case Statement Order (Dkt. No. 2). No responses have been filed to the motion, as Defendants have not yet appeared in the action. The Court has carefully considered the motion and the balance of the record and has determined that oral argument is not appropriate. The Court finds and rules as follows.

On February 27, 2009, Plaintiff filed a 239-page civil complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1961 *et seq*. ("RICO"). (Dkt. No. 1.) Plaintiff simultaneously brought this motion requesting to file a supplemental case statement that would detail the alleged RICO claims with greater specificity. (Mot. 2–3 (Dkt. No. 2).)

ORDER - 1

The Ninth Circuit has explained that:

> Some district judges in at least four districts in the Ninth Circuit use RICO standing orders. Individual judges in the Northern, Central, and Southern Districts of California, and the District of Hawai'i have issued orders that direct plaintiffs claiming RICO violations to state their allegations in detail and with specificity, including a detailed description of the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.

*Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 826 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc). The Southern District of California has explained that the purpose of a RICO case statement is to provide "notice to the defendant and the filtering out of meritless complaints[.]" *Gutierrez v. Givens*, 1 F. Supp. 2d 1077, 1088 (S.D. Cal. 1998). Although this district does not have a standing RICO case statement order, the Eastern District of Washington does. *See* Local Rules E.D. Wash. LR 3.2 ("RICO Case Statement"). That rule provides:

> In cases which include claims under 18 U.S.C. § 1961 et seq., [RICO], the party asserting such claims shall, within ten days of filing/serving the pleading containing such claims (or whichever is later), file and serve a RICO Case Statement as hereinafter provided. This statement shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by FED. R. CIV. P. 11.

*Id*. The rule sets out specific topics to tease out detailed information about the RICO claims. Plaintiff expressly requests that he be permitted to file a case statement that conforms with the requirements of the Eastern District's Local Rule.

Noting that requiring a case statement may be somewhat in tension with the basic pleading requirements of Rule 8(a) and even the stricter pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, the Ninth Circuit has found that the "use of RICO standing orders to compel plaintiffs to produce detailed RICO Case Statements, which are then treated by the district court as part of that party's pleadings, can in certain circumstances require far more than is

ORDER - 2

1 required under either Rule 8(a) or 9(b)[.]" *Wagh*, 363 F.3d at 828. However, in the instant case,
2 Plaintiff himself has requested that he be permitted to file the case statement; therefore, the Court
3 cannot be said to be "compelling" him to conform with excessively heightened pleading
4 requirements.

5     The Court finds that a case statement may help elucidate Plaintiff's RICO claims. Given
6 that Plaintiff himself has requested to file one, the Court hereby GRANTS the motion. Plaintiff
7 shall file his case statement order within thirty days of today.

8     DATED this 1st day of May, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER - 3